JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
APPEL

**DEFENDANTS**
ARS NATIONAL SERVICES, INC., DOES 1 THROUGH 10

(b) County of Residence of First Listed Plaintiff   Philadelphia, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Escondido, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006 (215) 364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692 et seq.
Brief description of cause:
FDCPA Claim

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
9/3/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A" Huntingdon Valley, PA 19006

Address of Defendant: 201 W. Grand Ave., Escondido, CA 92025

Place of Accident, Incident or Transaction: Bucks County

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐   No☒

Does this case involve multidistrict litigation possibilities?        Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692 et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Eric Rayz, Esq. , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 9/3/15        _____        87976

Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/3/15        _____        87976

Attorney-at-Law        Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

APPEL                                              :                    CIVIL ACTION
                                                   :
                          v.                       :
                                                   :
ARS NATIONAL SERVICES, INC., et al.                :                    NO.
                                                   :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for
plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of
filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse
side of this form.) In the event that a defendant does not agree with the plaintiff regarding said
designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on
the plaintiff and all other parties, a Case Management Track Designation Form specifying the track
to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )


    9/3/15                                                               Plaintiff
**Date**                          **Attorney-at-law**              **Attorney for**

  (215) 364-5030               (215) 364-5029               erayz@kalraylaw.com

**Telephone**                     **FAX Number**                   **E-Mail Address**


(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BERNICE APPEL, individually and on behalf of all others similarly situated, | **Class Action Complaint** |
| Plaintiff(s) | |
| v. | Civil Action No. |
| | Jury Trial Demanded |
| ARS NATIONAL SERVICES, INC.; and DOES 1 through 10, inclusive, | |
| Defendant(s) | |

Plaintiff BERNICE APPEL (hereinafter "Plaintiff") on behalf of herself individually, and on behalf of all others similarly situated, alleges as follows:

## I.      INTRODUCTION

1.      This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq.

2.      In effectuating the FDCPA, Congress sought to limit the tactics a debt collector could use.  Despite these plain truths, Defendant (defined herein) used inappropriate tactics to collect Plaintiff's debt.

3.      Upon information and belief, Defendant used these very same tactics across the country against hundreds, if not thousands, of individuals who, fall within the ambit of the protections of the FDCPA.

4.      Absent this action, Defendant's inappropriate tactics would continue unabated.

## II.      THE PARTIES

5.      Plaintiff is an adult individual citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Philadelphia County.

6.      Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA.

7.      Defendant ARS National Services, Inc. (hereinafter, individually, "Defendant" or "ARS") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, including from its Internet domain http://www.arsnational.com/, and is engaged in the business of debt collection within the Commonwealth of Pennsylvania.

8.      Upon information and belief, Defendant is a foreign corporate entity, with a registered office located at 201 W Grand Ave., Escondido, CA 92025.  Upon further information and belief, Defendant operates its debt collection enterprise from this same address.

9.      Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

10.     Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each Defendant.

11.     Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA.

12.     Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

13.     At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

### III.     JURISDICTION AND VENUE

14.     This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

15.     The Eastern District of Pennsylvania is the proper venue for this litigation, because:

        a.     Plaintiff is a resident of the Eastern District of Pennsylvania and Defendant's wrongful conduct was directed to and was undertaken within the territory of the Eastern District of Pennsylvania; and

        b.     Defendant conducts a substantial portion of its business in the Eastern District of Pennsylvania.

### IV.     STATEMENT OF CLAIMS

### A.     BACKGROUND

16.     Defendant sent Plaintiff a letter, dated June 18, 2015, regarding Plaintiff's alleged delinquent consumer credit card debt of $603.20 ("Letter").  A true and correct copy of the letter (redacted for purposes of privacy) is marked and attached hereto as Exhibit "A."

17.     The Letter was an attempt to collect a delinquent consumer debt at issue.

18.     The Letter was mailed in an envelope.  The return mailing address for the Letter was not physically printed on the outside of the envelope and, instead, was visible through a glassine window, appearing as follows:

Department #110840
P.O. Box 1259
Oaks, PA 19456
ADDRESS SERVICE REQUESTED

19.     The redaction below the return address that is set forth above covers a bar code. This bar code contains Plaintiff's personal, identifying information.

20.     Indeed, the information that appeared in the bar code at issue was associated solely with Plaintiff.

21.     Bar codes can be easily deciphered, using widely-available free applications for "smart" phones or other mobile devices.   In fact, many consumers have these applications already installed (and use them regularly) to enable access to the so-called "QR Codes" – a specific type of bar code used in marketing literature to direct a consumer's "smart" phones or mobile device to a website merely by scanning the code.   Thus, many consumers have installed various bar code readers/applications on their phones to take advantage of the convenience offered by scanning "QR Codes."   See generally http://www.bloomberg.com/bw/articles/2012-12-17/how-the-bar-code-took-over-the-world, last visited on August 21, 2015; http://www.scanlife.com/news/report-shows-scanbuy-processed-over-21-million-mobile-barcode-scans-in-q2-2, last visited on August 21, 2015.

22.     Thus, anyone could scan the bar code contained in the Letter, which was clearly visible through the glassine window, and gain personal information about Plaintiff.

23.     By disclosing Plaintiff's personal, identifying information on an envelope sent through U.S. mail, Defendant significantly increased the risk that Plaintiff would be a victim of identity theft.

4

24.     Section 1692(f)(8) of the FDCPA specifically prohibits "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer."

25.     The disclosure of Plaintiff's personal, identifying information on the face of the envelope violated Section 1692(f)(8).  See Douglass, et al. v. Convergent Outsourcing, 765 F.3d 299 (3rd Cir. 2014); Kostik v. ARS National Services, Inc., 2015 WL 4478765 (M.D.Pa. 2015).

26.     As described herein, Defendant's actions violated the applicable provisions of the FDCPA.

27.     Defendant's conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

28.     Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

29.     Plaintiff and the Class she seeks to represent have been (and will continue to be) harmed due to Defendant's conduct, as set forth herein.

30.     Plaintiff and the Class she seeks to represent have suffered and will continue to suffer damages due to Defendant's conduct, as set forth herein.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action on behalf of herself and a class of similarly-situated individuals pursuant to Fed.R.Civ.P. 23, defined as follows: all natural persons in the territorial jurisdiction of the U.S. District Court for the Eastern District of Pennsylvania, who were sent a letter from Defendant, in the course of Defendant attempting to collect a debt, with a bar code visible on the face of the envelope, during the statutory period covered by this Complaint.

32.     The number of individuals in the Class is so numerous that joinder of all members

is impracticable. The exact number of members of in the Class can be determined by reviewing Defendant's records. Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in the defined Class.

33. Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel that is experienced and competent in class action and consumer litigation, including specifically FDCPA litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

34. A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

35. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Further, absent these actions, members of the Class likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the FDCPA. In addition, Defendant is likely to continue to violate this statute.

36. Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

37. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The questions of law and fact common to the Class predominate over any questions affecting solely individual members of the action. Among the common

questions of law and fact are:

        a.      Whether Defendant is a "debt collector" under the FDCPA;

        b.      Whether Defendant disclosed a consumer's personal identifying information on the face of the mailing envelope;

        c.      Whether Defendant violated 15 U.S.C. § 1692f; and

        d.      Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of damages.

38.      Plaintiff's claims are typical of the claims of members of the Class. Plaintiff and members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendant.

39.      Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## COUNT I
## FDCPA

40.      Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

41.      Defendant is a "debt collector" as that term is defined under the FDCPA.

42.      As described herein, the actions of Defendant violate the applicable provisions of the FDCPA.

43.      Defendant's violations with respect to its collection efforts, include but are not limited to, using language or symbols, other than the debt collector's address, on envelopes when communicating with a consumer, in violation of 15 U.S.C. § 1692f(8).

44.      As a result of Defendant's violations of the FDCPA, Plaintiff and the members of the Class have suffered damages in an amount to be determined at trial.

## V.   <u>CLAIM FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays for:

      (a)   A Declaration that Defendant has violated the applicable provisions of the FDCPA;

      (b)   An Order designating this action as a class action pursuant to Fed.R.Civ.P. 23;

      (c)   An Order appointing Plaintiff and her counsel to represent the Class;

      (d)   An Order enjoining Defendant from any further violations of the FDCPA;

      (e)   Actual damages;

      (f)   Statutory damages;

      (g)   Attorneys' fees and costs; and

      (h)   Such other relief as the Honorable Court shall deem just and appropriate.

## VI.   <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury as to all issues so triable.

**(SIGNATURE ON THE NEXT PAGE)**

8

Date: September 3, 2015                              Respectfully submitted,
                                                     **KALIKHMAN & RAYZ, LLC**

                                                     _____
                                                     Arkady "Eric" Rayz
                                                     Demetri A. Braynin
                                                     1051 County Line Road, Suite "A"
                                                     Huntingdon Valley, PA 19006
                                                     Telephone:  (215) 364-5030
                                                     Facsimile:  (215) 364-5029
                                                     E-mail: erayz@kalraylaw.com
                                                     E-mail: dbraynin@kalraylaw.com

                                                     **CONNOLLY WELLS & GRAY, LLP**
                                                     Gerald D. Wells, III
                                                     Robert J. Gray
                                                     2200 Renaissance Blvd., Suite 308
                                                     King of Prussia, PA 19406
                                                     Telephone:  (610) 822-3700
                                                     Facsimile:  (610) 822-3800
                                                     Email: gwells@cwg-law.com
                                                     Email: rgray@cwg-law.com

                                                     Counsel for Plaintiff and the Proposed Class

9

# EXHIBIT "A"

Department #110840
P.O. Box 1259
Oaks, PA 19456
ADDRESS SERVICE REQUESTED

**ARS National Services Inc.**
PO Box 469100
Escondido, CA 92046-9100
(800) 976-0960 FAX: (866) 422-0765
www.PayARS.com

June 18, 2015

BERNICE H APPEL

**ACCOUNT IDENTIFICATION**
Creditor: Citibank, N.A./SUNOCO OIL CARD
Account No.: ▮▮▮▮▮▮▮▮▮
ARS Reference No.: ▮▮▮▮▮
Balance: $603.20

Dear Sir/Madam:

Citibank has hired ARS to work with you to resolve the above-referenced account. We are offering to settle your account for $422.24. If you cannot make the settlement payment by 7/23/2015, please contact us to discuss all your payment options. We reserve the right to treat any missed or late payment as a cancellation of the agreement. We are not obligated to renew this offer.

To make a payment or review other options on this account, please visit our website at www.PayARS.com which is available 24 hours a day. ARS also offers "Quick Check" by phone, Western Union "Quick Collect" (Code City: ARS ▮▮▮▮), and Moneygram "Express Payment" (Receive Code: ▮▮). Payments, made payable to Citibank, can be mailed to the ARS Escondido, CA address above.

Whenever $600.00 or more in principal of a debt is discharged as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt discharged to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor.

Please be advised that your account balance stated above is subject to change, including possible increases according to the terms of your original credit agreement.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please contact this office at (800) 976-0960. Our office hours are Monday through Friday, 6:00 a.m. - 7:00 p.m. and Saturday 6:00 a.m. - 12:00 p.m. (Pacific Time).

Sincerely,
ALEC TILLEY X5708
Account Representative

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

109968-CB170-2386

2A062215

Department #110840
P.O. Box 1259
Oaks, PA 19456
ADDRESS SERVICE REQUESTED



PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
DPCH

**FIRST CLASS**

BERNICE H APPEL



FIRST CLASS

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
DPCH